LOTTINGER, Judge.
This is an executory process. At 349 So.2d 1321 (La.App. 1st Cir. 1977) we dismissed plaintiff’s suit on an exception of no right of action. Writs were applied for and granted on September 30,1977, at 350 So.2d 1206 (La.1977) as follows:
“Writ granted. Judgment of court of appeal reversed. Ruling of Trial Judge is correct. See La. R.S. 12:491 et seq. as amended by Act 526 of 1977. Case remanded to court of appeal for further proceedings.”
*294 We now consider the case on its merits. Tri-South Mortgage Investors (Tri-South) filed this executory process against New Communities, Inc. (New) to enforce a mortgage with an alleged $2,363,834.24 balance together with accrued and unpaid interest affecting certain immovable property located in Terrebonne Parish, Louisiana, near Morgan City. To its petition for executory process Tri-South attached a certified copy of the collateral mortgage, the original of the collateral mortgage note, and a certified copy of the resolution of the Board of Directors of New authorizing the execution of the mortgage and note. A writ of seizure and sale was issued pursuant thereto.
Defendant filed a petition for injunction contending that plaintiff’s action was premature, defendant had a liquidated claim to assert against plaintiff, there was no consideration for the note sued upon, and sufficient authentic evidence was not submitted with the petition. J.E.F. Developers, a Louisiana partnership, Julian E. Fernandez, Lloyd J. Guillory and Rufus M. Carimi filed an intervention seeking damages against plaintiff alleging they were the owners of the property seized. A temporary restraining order was issued and a hearing on the injunction was held. The Trial Judge ultimately denied the injunction. In appealing defendant contends that the Trial Judge erred:
(1) In allowing non-authentic evidence to be presented at the injunction hearing to support the previously issued writ of seizure and sale;
(2) In finding that consideration was received by New for the collateral mortgage note being sued upon;
(3) In not holding that the debt was premature because the hand note on its face is not due until June 29, 1976, and this action was commenced on January 16, 1976;
(4) In relying on evidence not in authentic form to prove an act of default which was necessary to mature the hand note sooner than June 29, 1976, because TriSouth must prove that an act of default occurred in order to mature the hand note and the only document which defines what constitutes an act of default is a development loan agreement which agreement is not in authentic form;
(5) In considering the hand note which was not in authentic form to evidence the actual debt from Tri-South to New;
(6) In not considering as one document the development loan agreement, the hand note, the collateral mortgage note and the collateral mortgage since by their own language (prepared by Tri-South’s attorneys) they must all be considered together and therefore must be in authentic form to support executory process;
(7) In relying upon the collateral mortgage note which is in authentic form and which states that the debt is $5,600,-000.00. A debt in that amount never existed and therefore the record contained no proof of the actual debt and without this proof executory process fails;
(8) In failing to enjoin the proceedings since petitioners in intervention (appellants herein) have a liquidated claim to plead in compensation to the claim of Tri-South;
(9) In failing to enjoin the executory proceedings because the executory proceeding is an unconstitutional denial of the due process provisions of the Fourteenth Amendment of the United States Constitution as to appellants since the order of seizure and sale is grounded solely on a collateral mortgage and collateral mortgage note in authentic form for which collateral mortgage note no consideration was received and since the order of seizure and sale is based upon no other documents in authentic form which prove the existence of a debt; and
(10) In failing to find that appellant will suffer irreparable injury if the executory seizure and sale is not enjoined.
ERRORS NOS. 1, 3, 4, 5, 6, & 7
Under these assignments of errors appellant basically argues that sufficient authentic evidence was not presented with *295 the petition to authorize the use of executo-ry process. Appellant contends that in addition to the original of the mortgage note and a certified copy of the mortgage and resolution of the defendant, a hand note and loan development agreement should have been considered as the entire loan agreement. Further it is argued that at the time suit was filed, January 16, 1976, the hand note had not matured, June 29, 1976, and the only default would be of the loan development agreement which was not in authentic form.
The Trial Judge was not in error in authorizing the use of executory process where he was presented with the original of the mortgage note, a certified copy of the mortgage and resolution of defendant, and a verification of the petition. For the purpose of executory process, the collateral mortgage note is the instrument evidencing the obligation secured by the mortgage, and thus it is not necessary to present the hand note with the petition. In like manner, neither is it necessary to present the loan agreement. Cameron Brown South, Inc. v. East Glen Oaks, 341 So.2d 450 (La.App. 1st Cir. 1976).
Appellant also contends that at the injunction hearing the Trial Judge relied on non-authentic evidence to find a default. Specifically, appellant contends that it was error for the Trial Judge at the injunction hearing to rely on the loan development agreement to determine there had been a default. Appellant does not argue that the Trial Judge was in error in his concluding that New was in default, but rather that he relied on non-authentic evidence.
Plaintiff has presented with its petition all that the law and jurisprudence require. At the injunction hearing, defendant-appellant had the burden of proving his case. New has failed to show it was not in default. We find no error.
ERROR NO. 2
Defendant-appellant argues that it received no money consideration for the collateral mortgage note, thus it is not enforceable. We disagree. See Cameron Brown South, Inc. v. East Glen Oaks, supra.
ERROR NO. 8
. After a thorough reading of the record we conclude that the Trial Judge was not in error in failing to find a liquidated claim on behalf of the defendant or interve-nors. The claim, which New asserts, is not based on an agreement or established by litigation, thus it fails to qualify as a liquidated claim. Their claim, that had there been prior notice of the discontinuance of funding by Tri-South, New would not have expended or incurred further liabilities for the construction of the project, cannot be asserted as a liquidated debt. Without deciding the validity of the claim this Court fails to find that the record contains any evidence to establish that the claim is liquidated under an agreement or by litigation and therefore the writ of seizure and sale will not be arrested on an unliquidated claim.
ERROR NO. 9
For the reasons assigned hereinabove and Buckner v. Carmack, 272 So.2d 326 (La.1973) we find no error.
ERROR NO. 10
Appellant argues that by allowing the seizure and sale to go forward it would suffer irreparable injury because it would lose its project, and second, it will be unable to collect damages against plaintiff because of its alleged serious financial difficulties.
Appellant presented the testimony of an expert in the field of financial analysis whose opinion it was that plaintiff was in financial trouble. Appellee argues that appellant’s expert admitted to being contacted only 2V2 days prior to trial, and only reviewing the document from which he testified one hour before he testified. Appellee presented testimony offsetting that presented by defendant. Plaintiff-appellee further argues that the grounds for the injunction sought by defendant, i. e. loss of project and fear of plaintiff’s financial standing are not included in LSA-C.C.P. *296 art. 2751 as a ground authorizing issuance of an injunction to arrest, seizure and sale.
We seriously question whether these grounds would authorize the issuance of an injunction under the authority of LSA-C. C.P. art. 2751, but be that as it may, the Trial Judge listened to all witnesses on this particular issue, and it is apparent he was of the opinion that defendant did not prove its case. We agree and find no error.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed at defendant-appellant’s cost.
AFFIRMED.