WILLIAMS, Judge.
Federal National Mortgage Authority (FNMA) is the holder of a promissory note secured by a first mortgage on Catherine Rich Whalen Brown’s immovable property located at 1021-23 Third Street, New Orleans. FNMA filed a Petition for Exec-utory Process in district court which was granted based upon the verified petition and certain authentic evidence. Subsequent to the granting of FNMA’s petition, Brown requested a preliminary and/or permanent injunction. The district court did not grant a Temporary Restraining Order since the date of the sale was not eminent. After a hearing on the preliminary and/or permanent injunction where the judge considered the pleadings and the arguments of counsel defendant’s request was denied. The district court stayed proceedings and defendant appeals.
Brown claims on appeal that FNMA’s petition failed to adequately allege default and that FNMA failed to provide proof that Brown was given notice as provided for in the mortgage contract. Since we find merit in Brown’s argument regarding notice, which warrants a reversal of the trial court’s granting of executory process, we pretermit a discussion of her other arguments.
Of importance to the issue of notice are paragraphs 14 and 18 of the mortgage instrument. Paragraph 14 reads in pertinent part-
ía) any notice to Borrower provided for in this mortgage shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein.
Paragraph 18 provides for acceleration of the sums secured by the mortgage. Prior to acceleration, the lender is required under the terms of the mortgage contract to mail notice to borrower specifying: 1) the breach, 2) the action required to cure the breach, 3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach may be cured, and 4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by the mortgage and sale of the property. The notice must also inform the borrower of the right to reinstate after the acceleration. The language of paragraph 18 makes the notice requirements of paragraph 14 applicable. Under the terms of the mortgage, the address to which all certified mail notices must be sent is the Third Street address. Neither party asserts that any other address was provided to the lender to fulfill the notice requirement.
It is clear that prior to acceleration FNMA must send notice by certified mail specifically setting out the breach and what can be done to cure it.
*630 Article 2637(A) of the Louisiana Code of Civil Procedure states:
Evidence as to the proper party defendant, or as to the necessity for appointing an attorney at law to represent an unrepresented defendant, or of any agreement to extend or modify the obligation to pay or of written notification of default, or of the breach or occurrence of a condition of the act of mortgage or privilege maturing the obligation, or of advances made by the holder of a collateral mortgage note or note for future advances, need not be submitted in authentic form. These facts may be proved by the verified petition, or supplemental petition, or by affidavits submitted therewith.
The article provides that the evidence required to proceed in Executory Process, such as evidence of written notification of default, need not be submitted to the court in authentic form. Although the article provides that these facts may be proved by the verified petition, the article does not lessen the requirement that every muniment of title and every link of evidence must be established when proving the sale and seizure by executory process is justified. If all facts are not contained within the petition and attached documents, exec-utory process fails.
Paragraph 5 of FNMA’s petition for ex-ecutory process reads:
Non-payment (breach) by defendant occurred as of June 1, 1985, and despite required notices, if any, such breach has not been cured.
This paragraph contains the only statement regarding notice. Paragraphs 14 and 18 of the mortgage contract set forth the notice requirements. Plaintiffs verified petition should set forth allegations of facts establishing that such requirements were met. Plaintiff claims that to incorporate the language of the mortgage into the petition is repetitive and, presumably, cumbersome. This argument is without merit. The judge reviewing a petition for executory process should be informed that the notice requirements of the mortgage contract have been satisfied. If petitioner decides to inform the judge through the use of the verified petition alone, it is incumbent that specific factual allegations be made which establish compliance with the requirements set forth in the mortgage contract.
If a petitioner chooses to use language such as that in paragraph 5, then he should attach to the petition some evidence that notice in conformity with the mortgage contract was provided. This evidence need not be in authentic form, as the Code permits this evidence to be supplied by verified petition.
In short, the conclusory and self serving allegation set forth in paragraph 5 does nothing to show the court that the notice requirements were met. If the petitioner uses such a statement then petitioner should attach evidence to the petition evincing a compliance with the notice requirements of the mortgage contract. Should petitioner choose to establish compliance through the language of a verified petition only, then the petition must allege, with factual specificity, compliance with the mortgage contract’s notice requirements.
Because we find the verified petition lacking we reverse the denial of defendant’s request for an injunction. The matter is remanded to the trial court for the issuance of an injunction against executory process.
REVERSED AND REMANDED.