MADELINE JASMINE, Judge Pro Tempore.
 

 li>The appellant, Rebecca Cunningham Daigle, appeals the Motion for Summary
 
 *290
 
 Judgment granted in favor of appellee, Mortgage Electronic Registration Systems, Inc. For the reasons that follow, we affirm.
 

 FACTS
 

 On July 23, 2001, Rebecca Cunningham Daigle, (hereinafter Ms. Daigle) and her then husband, Feltus Daigle, entered into a note secured by a mortgage on a home located in Jefferson Parish Louisiana. The note was payable to America’s Wholesale Lender
 
 [1]
 
 . In the spring of 2004, the Daigles defaulted on the note. On July 28, 2004, appellee Mortgage Electronic Registration Systems, Inc., (hereinafter MERS), as holder of the note, filed a Petition to Enforce Security Interest by Executory Process. This petition named Rebecca and Feltus Daigle as defendants and alleged that they defaulted on the note by failing to pay the monthly installment for May 1, 2004 and have remained in default by failing to |3pay successive monthly installments and other amounts due. MERS accelerated the entire indebtedness represented by the note and mortgage, which remained unpaid.
 

 The note and mortgage were attached to the petition. The “Lender on the Note” is America’s Wholesale Lender; the note states that the Lender “may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the ‘Note Holder.’ ”
 

 Although the record on appeal was designated, it appears that a sheriffs sale was scheduled for October 2004 but was can-celled due to Ms. Daigle filing bankruptcy. Following dismissal of the bankruptcy, the sale was rescheduled for March 30, 2005; however, this sale was also cancelled due to non-service on Feltus Daigle. On that same date, Ms. Daigle filed a Petition for an Order Suspending the Seizure and Sale Order and/or Preliminary Injunction and/or Permanent Injunction and/or for Damages and/or For the Return of the Seized Property.” MERS opposed this petition, attaching affidavits attesting to the default on the note. Ms. Daigle’s Petition for Preliminary Injunction was denied. The sale was re-scheduled but not held due to Hurricane Katrina. In October 2005, the loan was paid off via a sale of the property at private sale with MERS allegedly accepting less than it was actually owed for the property.
 

 After the sale of the property and payoff of the loan, Ms. Daigle’s damage suit was still pending against MERS. MERS filed for and was granted summary judgment dismissing the claim for damages, with the trial court finding the damage claim was improperly filed into the executory proceeding. On the motion of Ms. Daigle, the trial court granted a new trial. The court recognized that the damage claim could not proceed in executory process; however the damage claim was allowed to proceed under this same district court number because the executory | proceeding had been dismissed. Thereafter, the Motion for Summary Judgment was reheard and judgment again rendered in favor of MERS. This timely appeal followed.
 

 LAW AND DISCUSSION
 

 Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant.
 
 Hines v. Garrett,
 
 2004-0806 (La.6/25/04), 876 So.2d 764. Summary judgment is warranted only if “there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of
 
 *291
 
 law.” La.Code Civ. Proc. art. 966(C)(1). The judge’s role in ruling on a motion for summary judgment is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact.
 
 Hines v. Garrett,
 
 2004-0806 at p. 1, 876 So.2d at 765. All doubts should be resolved in the non-moving party’s favor.
 
 Id.
 

 A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.
 
 Id.
 

 MERS re-urged its motion for summary judgment arguing that the damage claim asserted by Ms. Daigle should be dismissed for the same reasons her preliminary injunction was denied. MERS re-urged all arguments made in its opposition to the preliminary injunction. MERS argued that as the mortgagee under the act of mortgage they were authorized to foreclose on the Daigle loan, | .^quoting the relevant portion of the mortgage stating “MERS (as nominee for Lender and Lender’s successors and assigns) has the right: ... to foreclose and sell the Property ...”
 

 MERS further argued that the March 2004 payment was not made and explained that the payment made in April 2004 was credited to March and the payment made in May 2004 was credited to April. MERS states that no further payments were made and the instant foreclosure action resulted. MERS contends the petition for executory process correctly alleges the May 2004 installment remains due.
 

 MERS goes on to argue that the petition for executory process states that notice was sent to appellant in compliance with language in the mortgage. The petition quotes the language of the mortgage (1) specifying the breach, (2)the action required to cure the breach, (3) a date by which the breach must be cured, (4) failure to cure the breach by said date will result in acceleration of sums secured by the mortgage, (5) giving obligors the right to assert non-existence of default or any other defense, and (6) that all sums could be declared immediately due and payable without further demand and that the property could be seized and sold to satisfy the indebtedness. MERS contends this complies with the requirements for executory process set forth in LSA-C.C.P. arts. 2634 and 2635.
 

 Attached to MERS memorandum in support of its motion was an affidavit by John C. Morris, III who attested that he is employed by the law firm that represents Countrywide Home Loans
 
 [2]
 
 . Mr. Morris attests that the business records of Countrywide and- the law firm reflect that the requisite notice of default was provided to Feltus Daigle. He further attests that the last payment made on this note on or about May 27, 2004 was applied to the April 2004 installment. He |(iexplained that the records indicate the Daigles were a month behind on their contractual payments in May 2004 due to their failure to make any payment in March 2004. Also attached to the memorandum is an affidavit by Kimberly Dawson, a vice president of Countrywide Home Loans stating that the Daigles “got behind on then’ loan by” failing to submit a payment in March of 2004. She further attests that the next
 
 *292
 
 payment submitted by Daigle was on April 30, 2004 and was applied to the March 2004 installment. She explains the Dai-gle’s payment received on May 27, 2004 was applied to the April 2004 installment, making Daigle contractually due for the May 2004 installment. No further payments were submitted on the account.
 

 The affidavit further attests that Ms. Daigle contacted Countrywide attempting to cure the default and then “Daigle” filed for bankruptcy. The affidavit concludes that the Daigles defaulted on the note by failing to pay the monthly installment for May 1, 2004.
 

 Ms. Daigle filed an opposition to the motion for summary judgment arguing the affidavit of Mr. Morris does not satisfy the requirements of C.C.P. art. 967(A) in that it is not made on personal knowledge, does not set forth facts as would be admissible as evidence, and does not affirmatively show that he is competent to testify to the matter stated therein. Attached to the opposition is an affidavit by Ms. Daigle attesting that she did not contact MERS or Countrywide about allowing her to sell the property to a third party; rather she was contacted by a buyer who “made the deal with Countrywide that made it such that the property could be sold with the note being paid in full and the mortgage being cancelled.” Ms. Daigle further attests that she paid the installment of May 1, 2004 as evidenced by the attached copy of her bank statement showing a payment to Countrywide of $1,949.56 dated May 28, 2004. She attests that she “made the payment installment |7of March, April and May of 2004”. Ms. Daigle further attests that she did not receive any notice of default from Countrywide or Dean Morris, LLP.
 

 At the hearing on the motion for summary judgment held April 8, 2008, MERS argued it had the right to use executory process because it was the holder of the note and this pai’ticular note had a blank endorsement. MERS further argued that there was no payment made on the note in March 2004, so the payment made in April was applied to the March installment and the May payment was applied to the April installment. MERS explains this is the reason the petition for executory process states the installment for May 2004 is due. MERS further explained that the petition for executory process was properly verified by Mr. Morris according to the revised statute that provides affidavits or verified petitions for executory proceedings may be based on affiant’s personal knowledge or information based on the records of the secured party and kept in the ordinary course of business.
 

 MERS cited
 
 Rao v. Towers Partners, L.L.C.,
 
 96-1529 (La.App.2/12/97), 688 So.2d 709,
 
 writ denied,
 
 97-0820 (La.5/30/97), 694 So.2d 246, arguing that even if there was a technical deficiency in the executory proceeding, the obligor on the note is not due damages because they owed the money on the note.
 

 Appellant’s attorney responded that the affidavits submitted showed there was a conflict as to whether the installments for March, April, and May were paid, with MERS contending they were not paid and Ms. Daigle contending they were paid. He further argued that Ms. Daigle attested that notice was not sent to her. He concluded due to these conflicts summary judgment was not appropriate.
 

 MERS countered that Ms. Daigle’s affidavit was insufficient to meet the burden of proving the defense of payment on the note. MERS concluded that there was no issue of material fact and summary judgment was appropriate.
 

 |sAt the conclusion of the hearing, the record was left open for MERS to submit
 
 *293
 
 proof of notice and Ms. Daigle to submit checks showing payment.
 

 Ms. Daigle then submitted a second affidavit to which she attached copies of her bank account statement from October 2003, November 2003, December 2003, January 2004, February 2004 and March 2004 in addition to the bank statement of May 2004. These statements are unverified and purport to show that on October 1, 2003 the account was debited in the amount of $1,997.12 to Countrywide Mortgage; on October 31, 2003 the account was debited in the amount of $1,855.77 to Countrywide Mortgage; on December 1, 2003 the account was debited in the amount of $1,855.77 to Countrywide Mortgage; on January 2, 2004 the account was debited in the amount of $1,855.77 to Countrywide Mortgage; on February 2, 2004 .the account was debited in the amount of $1,855.77 to Countrywide Mortgage; and on March 1, 2004 the account was debited in the amount of $1,855.77 to Countrywide Mortgage. Additionally, she submitted another unverified bank statement from a different financial institution indicating that on May 28, 2004, her account was debited in the amount of $1,949.56 to Countrywide Mortgage.
 

 MERS submitted an affidavit by Christen Rocha, a vice president in Countrywide’s Home Retention Division. Ms. Rocha attested that Countrywide’s records show that on April 2, 2004, a letter was sent to the borrower on this loan that informs him the loan is in default due to a delinquency, the amount by which the loan is delinquent, the amount needed to bring the loan current, the option to avoid foreclosure, and the consequence that the home will be sold at foreclosure sale if the delinquency is not cured by the date specified in the letter. She further attests that the practice of Countrywide is to send such letters via certified mail and there is nothing in the records to indicate that said letter was not sent certified mail. |9She further attests that there is no indication that the letter was returned as unclaimed. The affidavit states that the records from Countrywide are attached to said affidavit, however, those records were not made part of the designated appellate record.
 

 Our de novo review indicates the trial court correctly granted summary judgment in favor of MERS. MERS submitted sworn affidavits attesting that the March 2004 installment due on the note was not paid and subsequent payments were applied retroactively making the May 2004 payment due at the time the executo-ry process petition was filed. These affidavits are sufficient proof of the default as required by R.S. 9:5555, which states the affidavit may be based on personal knowledge or upon information and belief derived from the records kept in the ordinary course of business of the mortgagee.
 

 Once MERS presented a prima fa-cie case that the foreclosure was proper, the burden shifted to Ms. Daigle to establish that she will be able to satisfy her evidentiary burden of proof at trial. Despite the fact that Ms. Daigle submits her own affidavit stating the March, April, and May installments were paid, the burden of proof with respect to an affirmative defense of “payment” rests with a defendant attempting to assert that the note has been paid, or the obligation extinguished.
 
 American Bank v. Saxena,
 
 553 So.2d 836, 844 (La.1989). The evidence produced by Ms. Daigle fails to show that she will be able to carry this evidentiary burden. Although Ms. Daigle has attached several bank statements to her affidavit, these statements are not complete, as they all state “continued on next page” and are not verified. Moreover, even though Ms. Dai-gle attests that she paid the April installment, she has not submitted any evidence
 
 *294
 
 to support this statement, as she has submitted no bank records for April 2004.
 

 |inThe affidavits submitted by MERS state that the loan was current until March 2004 and that a payment was not made in March, while the affidavit and bank statements submitted by Ms. Daigle indicate a payment was made in March. Although we agree with Ms. Daigle that there is an issue as to which payments were not made on the loan, there is no issue that the last payment was made in May 2004. This action was not instituted until July 2004. Additionally, Ms. Daigle has not shown that a payment was made in April. Thus, the issue of which payment was not made is not an issue of material fact precluding summary judgment. The evidence presented shows the Daigles defaulted on the note and MERS properly sought to enforce the note by instituting foreclosure proceedings. Ms. Daigle has failed to show she will be able to carry her burden of proving her affirmative defense of payment. Although we make no finding as to whether there was a technical deficiency in the foreclosure proceedings, we find Ms. Daigle is not entitled to damages since the evidence shows the note was in default.
 
 See, Rao v. Towers Partners, L.L.C.,
 
 96-1529 at 5, 688 So.2d at 712.
 

 Additionally, Ms. Daigle’s claim that she had no notice of the default has no merit. While the issue of notice is relevant to the foreclosure proceeding, it is not relevant to this damage suit. Regardless of whether Ms. Daigle received proper notice, she knew that under the terms of the mortgage, she had to make monthly payments. She has not shown that she will be able to carry her burden of proving her defense of payment. Furthermore, the note provides that “any notice that must be given to me under this note will be given by delivering it or by mailing it to me at the property address listed on the note.” The affidavit of Countrywide’s employee attests that Countrywide’s business records indicate the default notification letter was mailed as provided in the note.
 

 ^CONCLUSION
 

 In sum, although we agx*ee with Ms. Daigle that there is an issue as to which monthly payment was not made, it is clear that no further payments were made on this loan after May 2004. The foreclosure proceeding was instituted in July 2004. Thus, Ms. Daigle cannot show that she suffered damages from wrongful foreclosure when she failed to pay the note as required in the mortgage contract. Based on the fact that no payments were made on the loan after May 2004, Ms. Daigle’s claim of lack of notice is not relevant to this damage suit. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . According to the stamp on the bottom of the note, the note was payable to. Countrywide Home Loans, Inc. doing business under the name of America’s Wholesale Lender.
 

 [2]
 

 . According to the stamp on the bottom of the note, Countrywide Home Loans, Inc. does business under the name of America's Wholesale Lender.