CLARENCE E. McMANUS, Judge.
 

 [¡¡Plaintiff, Colonial Finance, LLC, appeals from a decision of the trial court granting defendant’s Petition for Preliminary Injunction. We reverse the decision of the trial court.
 

 This case involves the Colonial Golf and Country Club (the Club) in Harahan. The Club was founded in 1927 and consists of approximately 88 acres. On January 12, 2007, the Club executed a promissory note for the principal amount of $4,538,330.68 plus interest. The promissory note was secured by a mortgage on the property. In addition to the promissory note, the parties entered into a Loan Agreement and a Development Agreement for the construction of a high rise condominium on four acres of the property. When the development agreement became economically unfeasible, the development agreement was terminated, by letter to the Club on April 1, 2009. Under the terms of the promissory note, the outstanding principal balance and accrued interest was to be paid in full within nine months after termination of the Development Agreement. The Club failed to pay any of the indebtedness, and therefore was deemed in default on December 31, |42009. On January 22, 2010, Colonial Finance made amicable demand to the Club to no avail.
 

 On May 3, 2010, Colonial Finance filed a Petition for Executory Process. Attached to the petition were the Promissory Note, the Mortgage, the letter indicating termination of the Development Agreement and the due date on the note, notice of default and amicable demand. The petition was verified by Louis Lauricella, Manager of Colonial Finance.
 

 On September 17, 2010, Colonial Golf and Country Club filed a Petition for Preliminary and Permanent Injunction. The Club alleged that the Petition for Executo-ry Process lacked crucial authentic evidence because the Loan and Development Agreements were not attached
 
 [1]
 
 . On October 25, 2010, the trial court granted a preliminary injunction, finding that the Loan and Development Agreements should have been attached to the Petition for Executory Process. After the denial of its Motion for New Trial, Colonial Finance appealed from the trial court’s ruling.
 

 In this appeal, Colonial Finance alleges that the trial court erred in granting the preliminary injunction and in denying it a new trial on the grounds that the judgment was contrary to the law and evidence. Colonial Finance contends that the trial court erred as a matter of law in determining that a creditor must attach ancillary documents when filing for execu-tory process, and in finding that the Club met its burden of proving that the petition for executory process was defective. Finally, Colonial Finance requests that this Court conduct a de novo review, as the
 
 *351
 
 facts are undisputed and the trial court’s decision rested on a purely legal issue.
 

 |sThe Club responds that the Loan and Development Agreements defined substantive terms of the mortgage and promissory note, and therefore were necessary to show the Colonial Finance’s right to use executory process. The Club further contends that the issuance of a preliminary injunction is within the sound discretion of the trial court and that the court did not abuse its discretion in this case.
 

 The Louisiana Bankers Association filed an Amicus Curiae brief in support of plaintiff/appellant, Colonial Finance.
 

 An executory proceeding in Louisiana is an in rem action derived from the civil law. It provides a simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they enjoy a mortgage and privilege.
 
 Deutsche Bank Nat. Trust Co. v. Carter,
 
 10-663 (La.App. 5 Cir. 1/25/11), 59 So.3d 1282. Executory process is “used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment.” LSA-C.C.P. art. 2631. Ex-ecutory process is a “unique and harsh remedy requiring strict construction.”
 
 Mitchell v. Valteau,
 
 09-1095 (La.App. 4 Cir. 1/27/10), 30 So.3d 1108.
 

 A creditor seeking to enforce a mortgage or privilege on property by executory process must file a petition praying for the seizure and sale of the property affected by the mortgage or privilege. LSA-C.C.P. art. 2634. To prove his right to use executory process, a plaintiff-creditor must submit with his petition authentic evidence of three things: (1) the mortgage or privilege on the property sought to be seized and sold; (2) the amount of the indebtedness sought to be enforced; and (3) the plaintiff-creditor’s right to enforce the mortgage or privilege 18under the executo-ry process. La. C.C.P. Art. 2637, (Comment (a)).
 
 Mitchell v. Valteau, supra.
 

 LSA-C.C.P. art. 2635 provides that
 

 A. In order for a plaintiff to prove his right to use executory process to enforce the mortgage, security agreement, or privilege, it is necessary only for the plaintiff to submit with his petition authentic evidence of:
 

 (1) The note, bond, or other instrument evidencing the obligation secured by the mortgage, security agreement, or privilege.
 

 (2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
 

 (3) The act of mortgage or privilege on movable, property importing a confession of judgment whether by authentic act or by private signature duly acknowledged.
 

 B. This requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law. A variance between the recitals of the note and of the mortgage or security agreement regarding the obligation to pay attorney’s fees shall not preclude the use of executory process.
 

 Here, attached to the petition for executory process filed May 3, 2010 is the promissory note, the mortgage and act of amendment of mortgage, the letter of acceleration of the mortgage explaining that the note becomes due on December 31, 2009, the letter of default/amicable demand dated January 22, 2010, and the affidavit of verification signed by Louis Lauricella, Manager of Colonial Finance, along with the Judicial Sale Certificate Request Form. The promissory note, letter of acceleration, letter of amicable demand and the petition all verify the amount of the indebtedness. Furthermore, Section 5.12
 
 *352
 
 of the mortgage provides for the use of executory process in the event of default
 
 [2]
 
 .
 

 The Club argues that the Loan and Development Agreements are needed to show the right to use executory process. We disagree.
 

 17The existence of the debt due is established by the promissory note and mortgage agreements. In
 
 Tri-South Mortg. Investors v. New Communities, Inc.,
 
 353 So.2d 292 (La.App. 1 Cir.1977), citing
 
 Cameron Brown South, Inc. v. East Glen Oaks,
 
 341 So.2d 450 (La.App. 1 Cir.1976), the court said that
 

 For the purpose of executory process, the collateral mortgage note is the instrument evidencing the obligation secured by the mortgage, and thus it is not necessary to present the hand note with the petition. In like manner, neither is it necessary to present the loan agreement.
 

 Furthermore, the mortgage note itself provides for the use of executory process in the event of default. The Louis Lauri-cella sworn affidavit, which attests that the debt was due on December 31, 2009 and that the Club had not satisfied its obligation, was sufficient proof of the default as required by LSA-R.S. 9:5555, which states the affidavit may be based on personal knowledge or upon information and belief derived from the records kept in the ordinary course of business of the mortgagee
 
 [3]
 
 .
 
 Mortgage Elec. Registration Systems, Inc. v. Daigle,
 
 08-1203 (La.App. 5 Cir. 3/24/09), 10 So.3d 288,
 
 writ denied,
 
 09-0826 (La.5/29/09) 9 So.3d 167.
 

 The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court, although that discretion is reviewable if erroneously 18exercised.
 
 Smith v. West Virginia Oil & Gas Co.,
 
 373 So.2d 488 (La.1979). In this case, Colonial Finance included all necessary elements in its Petition for Executory Process and
 
 *353
 
 therefore the trial court abused its discretion in finding that Colonial Finance was required to produce additional documentation in order to avail itself of executory process.
 

 We reverse the judgment of the trial court and remand this matter for further proceedings.
 

 REVERSED AND REMANDED
 

 [1]
 

 . In its opposition to the Petition for Preliminary Injunction, Colonial Finance did attach copies of the Development and the Loan Agreement. Colonial Finance states that these were attached to rebut allegations in the Petition for Preliminary and Permanent Injunction, and not to cure any alleged defect in the Petition for Executory Process.
 

 [2]
 

 . The Club contends that LSA-C.C.P. art. 2635(1) mandates that Colonial Finance must produce both the note and the other evidence, in this case the Loan Agreement. However, the use of the term “or” in the codal provision indicates a requirement for the note or for an "other instrument,” possibly should the note not be available. It does not require an "other instrument” if the promissory note is provided.
 

 [3]
 

 . LSA-R.S. 9:5555 provides that
 

 A.In accordance with Code of Civil Procedure Article 2636(8), there is no requirement that a note or other written obligation secured by a mortgage be paraphed for identification with the mortgage in order for the mortgagee to have the right to foreclose under the mortgage utilizing Louisiana executory process procedures. For purposes of executory process, the existence, amount, terms, and maturity of the note or other written obligation not evidenced by an instrument paraphed for identification with the act of mortgage or privilege may be proved by affidavit or verified petition.
 

 B. The affidavit or verified petition may be based upon personal knowledge or upon information and belief derived from the records kept in the ordinary course of business of the mortgagee, the creditor whose claim is secured by the privilege, or any other person. The affidavit or verified petition need not particularize or specifically identity the records or date upon which such knowledge, information or belief is based.
 

 C. The affidavit shall be deemed to provide authentic evidence of the existence, amount, terms, and maturity of the obligation for executory process purposes.
 

 In brief to this Court, the Club contends that LSA-R.S. 9:5555 is inapplicable because it applies only to collateral mortgages. The Club provides no citation for this proposition. In its amicus brief, the Louisiana Bankers Association takes issue with this contention, and suggests that the verification affidavit submitted in accordance with LSA-R.S. 9:5555 is proper and sufficient. We agree with Colonial Finance and Amicus, and reject the Club's contention that LSA-R.S. 9:5555 is inapplicable.