HANS J. LILJEBERG, Judge.
| ^Defendant, Louis Ochoa, appeals the trial court’s July 2, 2012, judgment granting the Exception of Improper Cumulation of Actions filed by Deutsche Bank Trust Company Americas (“Deutsche”), dismissing Mr. Ochoa’s claims for damages without prejudice, and denying Mr. Ochoa’s “Petition for an Order Suspending the Seizure and Sale Order and/or Preliminary Injunction and/or Permanent Injunction and/or for Return of Seized Property.” For the following reasons, we affirm the denial of Mr. Ochoa’s request for an injunction and the grant of Deutsche’s exception of improper cumulation of actions. However, we reverse the dismissal of Mr. Ochoa’s claims for damages.

FACTS AND PROCEDURAL HISTORY

On February 23, 2010, Deutsche, formerly known as Bankers Trust Company as Trustee (“Bankers”),[1] filed a “Petition to Enforce Security Interest By Executory Process” against Louis Ochoa. In its petition, Deutsche asserts that on October 11, 2001, Mr. Ochoa executed a $153,000.00 promissory note payable to |3Sebring Capital Corporation (“Sebring”), which was secured by a mortgage encumbering immovable property located at 4400 St. Mary Street in Metairie, Louisiana. In support of its petition, Deutsche submitted the original promissory note,[2] a certified copy of the act of mortgage importing a confession of judgment, and an assignment of the promissory note and mortgage from Sebr-ing to Bankers.
*738 Deutsche claims that Mr. Ochoa default ed on the note and mortgage by failing to pay the June 1, 2009 monthly installment when it was due, and that he remained in default thereafter by failing to pay, in full, the successive monthly installments. Deutsche asserts that the amount due under the note and mortgage includes the principal balance of $69,074.29, interest at 9.5% per annum from May 1, 2009, until paid, as well as all expenses and attorney fees incurred in enforcing the note and mortgage, and additional expenses incurred due to Mr. Ochoa’s breach of the terms of the mortgage and note.
In its petition, Deutsche sought a writ of seizure and sale from the trial court, ordering the Sheriff to seize and sell the St. Mary Street property and ordering that the amounts due to Deutsche be paid from the proceeds of the sale. On March 5, 2010, the trial judge ordered a writ of seizure and sale to be issued in accordance with Deutsche’s request. On December 14, 2010, Deutsche filed a supplemental petition offering supplemental verification of its original petition. On May 23, 2011, Deutsche filed an amendment and/or supplement to its petition, providing a copy of the notice of default and clarifying allegations in its prior petition.
On January 4, 2011, Mr. Ochoa filed a “Petition for an Order Suspending the Seizure and Sale Order and/or Preliminary Injunction and/or Permanent Injunction and/or for Damages and/or for the Return of the Seized Property.” In his petition, |4Mr. Ochoa argued that Deutsche should not have been granted an order of seizure and sale via executory process because Deutsche’s petition and attachments did not satisfy the requirements for executory process. Mr. Ochoa also sought damages and return of the property. Mr. Ochoa later filed an amendment and/or supplement to his petition as well.
On May 16, 2012, Deutsche filed a “Dilatory Exception of Improper Cumulation of Actions,” asserting that Mr. Ochoa’s recon-ventional demand for damages could not be asserted in an executory proceeding, pursuant to LSA-C.C.P. art. 462. The trial court held a hearing on June 21, 2012, on Deutsche’s exception of improper cumu-lation of actions and Mr. Ochoa’s “Petition for an Order Suspending the Seizure and Sale Order and/or Preliminary Injunction and/or Permanent Injunction and/or for Damages and/or for the Return of the Seized Property.” At the conclusion of the hearing, the trial court took the matter under advisement. On July 2, 2012 the trial judge rendered a judgment granting Deutsche’s exception of improper cumulation of actions, dismissing Mr. Ochoa’s damage claims without prejudice, and denying Mr. Ochoa’s “Petition for an Order Suspending the Seizure and Sale Order and/or Preliminary Injunction and/or Permanent Injunction and/or for Return of Seized Property.” Mr. Ochoa appeals this judgment.

LAW AND DISCUSSION

On appeal, Mr. Ochoa contends that the trial court erred by granting Deutsche’s exception of improper cumulation of actions and dismissing his claims for damages without prejudice. He asserts that he was required to set forth his claims for damages and injunctive relief in the same suit pursuant to LSA-C.C.P. art. 1061(B), which provides that a defendant in a principal action “shall assert in a reconventional demand all causes of action that he may have against the plaintiff |sthat arise out of the transaction or occurrence that is the subject matter of the principal action.” Mr. Ochoa also contends that if he did not bring all of his claims in this proceeding, they would be barred from being raised in another proceeding under the doctrine of res judicata.
*739 LSA-C.C.P. 462 provides in pertinent part:
A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
2) All of the actions cumulated are mutually consistent and employ the same form of procedure.
The provision in LSA-C.C.P. art. 462 that all of the actions employ the same form of procedure requires that each of the cumulative actions employ either ordinary, executory, or summary procedure. Abadie v. Cassidy, 581 So.2d 657 (La.1991); Johnson v. Marvin Cutrer Contractor, Inc., 348 So.2d 1256, 1258 (La.App. 2 Cir.1977). When a party is procedurally barred from bringing an ordinary action in an executory proceeding, the doctrine of res judicata does not bar him from raising those claims in another proceeding. See Wells v. Standard Mortgage Corp., 02-1934, pp. 6-7 (La.App. 4 Cir. 7/9/03) 865 So.2d 112, 116, writ denied, 03-2262 (La.11/14/03), 858 So.2d 439.
In the present case, Deutsche filed an executory proceeding against Mr. Ochoa seeking to enforce the promissory note and mortgage via executory process. In Mr. Ochoa’s reconventional demand, he set forth a claim for damages, which employs an ordinary proceeding. Thus, the actions do not employ the same form of procedure as required by LSA-C.C.P. art. 462 for the proper cumulation of action, and the claim for damages should not have been filed in this executory | ^proceeding. Accordingly, we find that the trial judge did not err in granting Deutsche’s exception of improper cumulation of actions, and we affirm this ruling.
Mr. Ochoa contends that even if his claim for damages should not have been filed in this executory proceeding, the trial court erred in dismissing these claims. We agree.
LSA-C.C.P. art 464 provides:
When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.
When the cumulation is improper for any other reason, the court may: 1) order separate trials of the actions; or 2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff’s suit.
See Bank of New York Mellon v. Smith, 11-60, p. 19 (La.App. 3 Cir. 6/29/11), 71 So.3d 1034, 1047, writ denied, 11-2080 (La.11/18/11), 75 So.3d 462, in which the Third Circuit stated that, under LSA-C.C.P. art. 464, when cumulation is improper, the trial court should sever, not dismiss, the improperly filed claims. See also Mortgage Electronic Registration Systems, Inc. v. Wells, 05-795, p. 7 (La.App. 4 Cir. 4/5/06), 930 So.2d 117, 120.
In the instant case, although he correctly granted the exception of improper cu-mulation of actions, the trial judge erred by dismissing Mr. Ochoa’s claims for damages, based on LSA-C.C.P. art. 464 and the applicable jurisprudence. Accordingly, we reverse the judgment dismissing Mr. Ochoa’s damage claims and order that the damage claims be severed from the execu-tory proceedings.[3]
*740 On appeal, Mr. Ochoa further argues that the trial court erred in denying his request for a preliminary injunction. He asserts that the procedure required by law 17for an executory proceeding was not properly followed and thus, he is entitled to an injunction under LSA-C.C.P. art. 2751.[4] Specifically, he contends that Deutsche did not show that it was entitled to enforce the note, that Deutsche did not properly plead notice per the mortgage, and that the verification filed with the original petition is not valid.
An executory proceeding in Louisiana is an in rem proceeding that provides a simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they enjoy a mortgage and privilege. Deutsche Bank National Trust Co. v. Carter, 10-663, p. 6 (La.App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286, writ denied, 11-892 (La.4/8/11), 61 So.3d 691. Executory process is “used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment.” LSA-C.C.P. art. 2631; Mitchell v. Valteau, 09-1095, p. 6 (La.App. 4 Cir. 1/27/10), 30 So.3d 1108, 1112. Defenses and procedural objections to an executory process proceeding may be asserted through an injunction proceeding to arrest the seizure and sale. LSA-C.C.P. arts. 2642 and 2751; American Thrift & Finance Plan, Inc. v. Richardson, 07-640, p. 6 (La.App. 5 Cir. 1/22/08), 977 So.2d 105, 108.
A creditor seeking to enforce a mortgage or privilege on property in an execu-tory proceeding must file a petition praying for the seizure and sale of the property affected by the mortgage or privilege. LSA-C.C.P. art. 2634; Colonial Finance, L.L.C. v. Colonial Golf and Country Club, Inc., 11-5, p. 5 (La.App. 5 Cir. 6/14/11), 72 So.3d 349, 351. LSA-C.C.P. art. 2635 provides that in order for | Ra creditor to prove its right to use executory process to enforce a mortgage, security agreement, or privilege secured by immovable property, it is only necessary to submit with the petition authentic evidence of:
1) The note, bond or other instrument evidencing the obligation secured by the mortgage, security agreement, or privilege.
2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
In the present case, attached to Deutsche’s petition for executory process was the original promissory note dated October 11, 2001, a certified copy of the act of mortgage and/or privilege importing a confession of judgment, and an assignment of the mortgage. The record shows that Deutsche complied with the requirements of LSA-C.C.P. arts. 2634 and 2635.
Mr. Ochoa contends that Deutsche has not shown that it was entitled to enforce the promissory note, because the note was not endorsed to Deutsche. He argues that although the note was endorsed to Bankers and the assignment of mortgage at *741 tached to the petition assigns the mortgage to Bankers, there is no evidence that Deutsche had the right to enforce the mortgage, other than a simple and insufficient notation in the petition that Deutsche was “f/k/a,” or formerly known as, Bankers.
As stated above, Deutsche’s petition complied with LSA-C.C.P. art. 2635, which sets forth two criteria to prove a creditor’s right to use executory process. Further, we note that in its petition, Deutsche asserts that it is entitled to enforce the promissory note and mortgage by executo-ry process. LSA-R.S. 10:3-301 provides that a “person entitled to enforce” an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to LSA-R.S. 10:3-309 or 10:3-418(d). This 19statute further provides that a person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument. See FGB Realty Advisors, Inc. v. Riedlinger, 95-2276, p. 8 (La.App. 4 Cir. 4/3/96), 671 So.2d 560, 564, writ denied, 96-1299 (La.7/1/96), 676 So.2d 101. See also LSA-R.S. 9:4422, which provides that when foreclosure by executo-ry process is instituted by the transferee, assignee, or pledgee of any promissory note, the holder of any promissory note may enforce the mortgage or privilege securing such instrument without authentic evidence of the signatures, assignment, pledge, negotiation, or transfer thereof.
It is clear that Deutsche was in physical possession of the promissory note and was a “person entitled to enforce” the promissory note. Deutsche also complied with LSA-C.C.P. art. 2635. Based on the record before us, along with the applicable law, we find no merit to Mr. Ochoa’s claims that the executory process laws were not followed because Deutsche did not sufficiently show that it was entitled to enforce the note.
Mr. Ochoa further argues that Deutsche did not properly plead notice per paragraph 22 of the mortgage. He asserts that under Federal National Mortgage Association v. Brown, 506 So.2d 628 (La.App. 4 Cir.1987), the creditor must attach the notice letter to its petition for executory process or specifically plead the facts as they are stated in the notice letter. Mr. Ochoa argues that although the notice letter was attached to Deutsche’s supplemental petition, this was after the writ of seizure and sale was issued and thus, the executory process requirements were not complied with before the writ was issued.
hoParagraph 22 of the mortgage provides:
Acceleration; Notice of Default; Right to Cure. Lender shall give notice to Borrower prior to acceleration following Borrower’s failure to pay principal, interest, and other fees and charges as provided in the Note, or following Borrower’s breach of any covenant or agreement in this Security Instrument. The notice shall specify: a) the default; b) the action required to cure the default; c) a date by which the default must be cured; and d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and the sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure as available under Applicable Law. If the default is not cured on or before the *742 date specified in the notice, Lender at its option may accelerate and require immediate payment in full of all sums secured by this Security Instrument without further demand for payment.
In its petition for executory process, Deutsche specifically pled that Mr. Ochoa had defaulted on the note and mortgage by failing to pay the June 1, 2009, monthly installment when due and he remained in default by failing to pay all successive monthly installments in full. Deutsche further states that prior to acceleration, it mailed notice to Mr. Ochoa specifying: 1) the breach; 2) the action required to cure such breach; 3) a date not less than 30 days from the date the notice is mailed by which such breach must be cured; 4) failure to cure the breach on or before the date specified in the notice would result in acceleration of the sums secured by the mortgage; 5) that Mr. Ochoa had the right to reinstate after acceleration and the right to assert non-existence of the default and any other defense; and 6) that if the breach was not cured by the date specified in the notice, Deutsche could declare all of the sums secured by the mortgage to be immediately due and payable without further demand and that the property could be seized and sold to satisfy the indebtedness due.
| nBased on the language of the petition for executory process, we find that Deutsche sufficiently complied with the notice requirements set forth in paragraph 22 of the mortgage and with the applicable law. Accordingly, we find no merit in Mr. Ochoa’s argument that the notice requirements were not properly pled in accordance with the terms of the mortgage.
Mr. Ochoa also argues that the ex-ecutory process laws were not complied with because the affidavit/verification filed with the original petition for executory process is not valid or to be considered authentic evidence. Deutsche responds that verification of the petition was not required, because LSA-C.C.P. art. 2635 only requires production of the promissory note and the act of mortgage. Deutsche further claims that even if verification was required, the verification in this case complied with Louisiana law.
With its original petition for executory process, Deutsche submitted an affidavit/verification from Jeffrey Stephan, as a representative of Deutsche, who declared that he is familiar with the mortgage obligation described in the petition for execu-tory process and that based on the business records pertaining thereto, all of the allegations in the petition for executory process are true and correct. Deutsche subsequently provided affidavits/verifications from Albert Augustine and Matthew Wach, as representatives of GMAC Mortgage, servicer for Deutsche, declaring that the allegations in the petition for executory process are true and correct, though these affidavits were submitted after the writ of seizure and sale was issued.
LSA-R.S. 10:9 — 629(a)(6) provides that for purposes of executory process, the affidavits or verified petitions may be based on the creditor’s personal knowledge or upon information and belief based on the records of the secured party, any assignee, or any other person that are kept or obtained in the ordinary course of 112business. Moreover, the verification does not need to specify or identify the records upon which it is based.
Based on the record before us, along with the applicable law, we find no merit in Mr. Ochoa’s argument that the executory process proceedings were improper due to invalid verification of the petition.
Finally, although not set forth as an assignment of error, Mr. Ochoa argues in his brief that Louisiana’s executory process laws are unconstitutional. He pled this issue in the trial court and asked for *743 the Louisiana Attorney General to be served with his pleading. He also claims that he has a third party beneficiary right under the Making Homes Affordable Act.
The trial judge did not specifically rule on the issue of constitutionality in his judgment or whether Mr. Ochoa was entitled to relief as a third party beneficiary under the Making Homes Affordable Act. However, where the trial court fails to rule on a demand raised by the pleadings, the silence in the judgment is deemed a rejection of the demand. Metro Elec. & Maintenance, Inc. v. Bank One Corp., 05-1045, p. 5 (La.App. 3 Cir. 3/1/06), 924 So.2d 446, 450; VaSalle v. Wal-Mart Stores, Inc., 01-462, p. 8 (La.11/28/01), 801 So.2d 331, 337.
In the instant case, Mr. Ochoa has not shown that any specific statute or the ex-ecutory process laws in general are unconstitutional. We note that in Buckner v. Carmack, 272 So.2d 326, 331 (La.1973), the Louisiana Supreme Court held that the statutes relating to executory process are constitutional, notwithstanding the contention that they work a deprivation of property without due process of law by denying the right to the opportunity to be heard before authorizing the seizure of property. Mr. Ochoa also has not shown entitlement to any relief under the Making Homes Affordable Act. Accordingly, we find no merit in these arguments.

^^j^DECREE

For the foregoing reasons, we affirm the denial of Mr. Ochoa’s request for an injunction and the grant of Deutsche’s exception of improper cumulation of actions. However, we reverse the dismissal of Mr. Ochoa’s claims for damages.

AFFIRMED IN PART; REVERSED IN PART.

. Deutsche asserts that it purchased Bankers in November of 1998 and that it changed the name of Bankers to Deutsche Bank Trust Company Americas in April of 2002.

. The promissory note is endorsed by Sebring to Residential Funding Corporation and then from Residential Funding Corporation to Bankers Trust Company as Trustee.

. Although LSA-C.C.P. art. 464 allows the trial court to order separate trials or to order *740 the plaintiff to elect which action to proceed with, we must order severance of tíre claims. The proceeding was initially filed by Deutsche as an executory proceeding and Mr. Ochoa cannot elect to proceed in this executory proceeding with an ordinary action seeking damages.

. LSA-C.C.P. art. 2751 provides as follows:
The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.