YARRUT, Judge.
When this case was originally before us we refused to consider the District Judge’s ruling sustaining Defendants’ exception of improper cumulation of actions, coupled with the dismissal of Plaintiff’s suit, without prejudice, on .the ground such a ruling was interlocutory and not appealable. See La.App., 197 So.2d 748.
The Supreme Court granted certiorari, limited to the question whether or not such a ruling was appealable. 250 La. 982, 200 So.2d 666.
The Supreme Court later held that the ruling was appealable and should have been considered by us, and remanded the case *446 to us for a determination whether the District Judge was correct in holding Plaintiff had improperly cumulated two separate and distinct causes of action. 251 La. 943, 207 So.2d 752.
LSA-C.C.P. Art. 462 outlines the procedure to be taken when a plaintiff cumulates two or more actions based on different grounds, viz:
“A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
“(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
“(2) All of the actions cumulated are mutually consistent and employ the same form of procedure.
“Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same judicial demand if pleaded in the alternative.”
As previously found by this Court and, in effect, affirmed by the Supreme Court, Plaintiff did cumulate two separate and distinct causes of action. These actions are not inconsistent in the sense that they are mutually exclusive, nor is either subject to any jurisdictional problems. However, they do require different forms of procedure, in that one is an action for alleged tort damages, and the other seeks separate injunc-tive relief, both of a prohibitory and mandatory nature.
An action for injunction has several specific procedural differences from an ordinary proceeding for tort damages. LSA-C.C.P. Art. 1733 provides that an action for injunction is not triable before a jury. An action for injunction is summary in nature, whereas a claim for tort damages is not. Similarly, on appeal, there is a marked difference in procedural method in an action for injunction, as opposed to an ordinary tort claim.
LSA-C.C.P. Art. 3612 states that an appeal may be taken as a matter of right from an order or judgment relating to an injunction. Actions for damages fall under the rule of LSA-C.C.P. Art. 2083, which states that appeals may be taken only from final judgments or those causing irreparable injury. Should an action for damages be cumulated with an action for injunction, a piecemeal hearing on appeal could result, as only final judgments relating to the action for damages could be appealed, while any judgment relating to the injunction would be appealed. The result could well be that several appellate hearings might be necessary to decide the same case.
LSA-C.C.P. Art. 3612 creates another procedural difference between an action for injunction, and one in tort, which again indicates the reason why an injunction cannot be cumulated with a separate action in tort, particularly as Art. 3612 provides that an order or judgment, relating to an injunction, cannot be suspended, as a matter of right, during the pendency of an appeal; while an action for damages can always be suspensively appealed as a matter of right. Hence, when an action seeking an injunction is cumulated with a tort action, the tort portion would have to be appealed within fifteen days if appealed suspensively, while the injunction portion would be appeal-able within ninety days, assuming it was not suspensively appealed. Thus, a problem would arise as to whether two appeal bonds, one suspensive and one devolutive, would be necessary, or just one bond; as well as what proper amount would be needed for such a hybrid form of appeal bond.
Our Courts have specifically recognized that cumulation of an action seeking an injunction, arid’one seeking recovery of damages or money due, is prohibited because of the complications that would result.
In the case of Thalheim v. City of Gretna, 17 La.App. 657, 136 So. 184, the plaintiff filed suit seeking to enjoin the City from interfering with him in the performance of his duties as city attorney, cumulat- *447 ing that action with a claim for salary due him. In discussing the issue of cumulation, the Court stated:
“ * * * Furthermore, in view of the fact that plaintiff in his main contention sought to enjoin the mayor and board of aldermen from interfering with him in performing his duties as city attorney, it would seem that his suit for fees earned in special employments could not properly be cumulated with the injunction proceeding. * * * ”
LSA-C.C.P. Art. 462 is very explicit and clear. If two different and distinctly separate causes of action require different procedural methods in trial, appeal or otherwise, they should be handled separately and apart, which the District Judge properly determined. The District Judge was clearly correct in ordering Plaintiff to elect between its remedies and in dismissing both Plaintiff’s actions, without prejudice, when Plaintiff refused to elect.
Accordingly, the judgment of the District Court sustaining the exception is affirmed; Defendants to pay the costs on appeal; all other costs to await final decision on the merits.
Affirmed.