PER CURIAM.
Plaintiffs and defendants own adjoining lots, each of which is burdened by a five foot drainage servitude. Plaintiffs filed suit against defendants alleging that defendants are obstructing the natural drainage of the servitude causing damage to plaintiffs’ property. Plaintiffs sought damages and injunctive relief. The trial court sustained defendants’ dilatory exception of improper cumulation of actions and dismissed plaintiffs’ suit after determining any defects in the pleadings could not be removed by amendment. The court of appeal, in an unpublished opinion, affirmed the portion of the trial court judgment maintaining the dilatory exception of improper cumulation, 581 So.2d 770 (table). The court of appeal relied upon People of the Living God v. Chantilly Corporation, 211 So.2d 445 (La.App. 4th Cir.1968), and held that cumulation was improper because the action for damages and the action for injunctive relief employ different forms of procedure. We reverse.
A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if: 1) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and 2) all of the actions cumulated are mutually consistent and employ the same form of procedure. La. Code Civ.P. art. 462.
The requirement that all of the actions employ the same form of procedure refers merely to whether each of the cumulative actions employ either ordinary, executory or summary procedure. See La.Code Civ.P. art. 463, comment (a); Johnson v. Marvin Cutrer Contractor, Inc., 348 So.2d 1256 (La.App. 2nd Cir.1977); Tate, Work of the Appellate Courts — 1968-1969, 30 La.L. Rev. 286, 287 (1969). In the present case, the two cumulated actions are the claim for damages and the claim for injunctive relief. The principal demand for a permanent injunction is determined on its merits only after a full trial under ordinary process. See Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979); Haughton Elevator Division v. State, 367 So.2d 1161 (La.1979); Equitable Petroleum v. Central Transmission, Inc., 431 So.2d 1084 (La.App. 2nd Cir.1983); Tate, Work of the Appellate Courts—1968-1969, supra.* Thus, both of the actions sought to be cumulated *658 in the present case are triable by ordinary process and thus employ the same “form” of procedure.
Additionally, People of the Living God v. Chantilly Corporation, the case relied upon by the court of appeal, has been called “a casebook example of how not to decide a cumulation problem”. Tate, Work of the Appellate Courts — 1968-1969, id. In explaining the error of the Chantilly court Judge Tate stated:
In holding the cumulation improper, the court pointed out that a jury trial was available for the damage action, but not for the injunction action (no one had sought trial by jury), as well as certain differences in the treatment of appeals, such as that a permanent injunction may not be appealed suspensively as of right, while the damage action may. Citing a pre-1960 decision, the court concluded that the two actions could not be cumu-lated ‘because of the complications that would result.’ The court’s refusal to permit cumulation because of these (exaggerated) procedural difficulties ignores the Code criteria authorizing cumulation of two or more actions against the same defendant. The court should not have refused cumulation when the Code requirements were met; its reliance upon pre-1960 case decisions overlooks the intent of the Code to overrule legislatively the pre-1960 jurisprudence to the contrary.
Tate, Work of the Appellate Courts — 1968-1969, id. at 288.
Accordingly, we find that the requirements of La.Code Civ.P. art. 462 have been satisfied and the court of appeal erred in relying upon People of the Living God v. Chantilly, supra, to prevent cumulation.
For the reasons assigned above, the writ is granted, the decision of the court of appeal is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

 It should be noted that the action for a preliminary injunction employs summary procedure. However, this action is ancillary to the principal demand for a permanent injunction, in order to *658 prevent irreparable injury during the pendency of the principal demand. La.Code Civ.P. art. 3601; Tate, Work of the Appellate Courts— 1968-1969, supra.