MICHAEL E. KIRBY, Judge.
hln this case defendant/appellant, Kevin Wells, Jr., (Mr. Wells) appeals a Judgment out of the Orleans Parish Civil District Court that dismissed without prejudice Mr. Wells’ petition for damages and injunction in favor of plaintiff/appellee, Mortgage Electronic Registration Systems, Inc. (MERS). We find that the trial court legally erred in dismissing Mr. Well’s entire action and that the proper remedy was to sever Mr. Well’s claims for damages from the executory proceeding and assign those claims a new number. *118 For the reasons below, we remand for further proceedings consistent with this opinion.

STATEMENT OF THE FACTS

For the purpose of purchasing a home, Mr. Wells executed a note on July 31, 2001, in the principal amount of $65,822.00. The note is secured by a mortgage on Mr. Wells’ home. Mr. Wells made a total of four payments on the note. MERS alleges that Wells defaulted under the note and mortgage by failing to pay, when due, the full monthly installment for January 2002. MERS alleges as of December |⅞1, 2001, the amounts owed on the note included the principal balance of $65,624.75, interest from December 2, 2001, until paid at 7.05% per annum.
As evidenced in the record, in January 2002, Mr. Wells paid RBMG, Inc. a certified check in the amount of one thousand nine hundred dollars ($1,900.00). Mr. Wells’ note states that payee of the note is Eureka Homestead Society, Savings and Loan. In the record there is a document dated July 31, 2001, in which Eureka assigns the note to RBMG, Inc., although the signatures are illegible. The note also has a stamp which states “Pay to the order of RBMG, Inc. Without Recourse”, however there is no accompanying signature. MERS argues that this is a blank endorsement under La. R.S. 10:3 — 205(b), and converts the note into bearer paper. Since MERS has possession of the note, it argues it can enforce it, whether or not it is a “nominee” of GMAC, who had prior possession of the note. We have found no evidence in the record that RBMG, GMAC, or MERS gave notice to Mr. Wells that MERS would be the new servicer of the note.
MERS filed its petition for executory process against Mr. Wells on June 25, 2002. In this petition it alleged that MERS is entitled to enforce the note and mortgage since it declared that it was the nominee of GMAC Mortgage Corporation.
Mr. Wells notes several irregularities in the record concerning MERS, its actions, and the prelude to the Order of Seizure and Sale dated June 27, 2002. Mr. Wells also alleges violations of the Real Estate Settlement Procedure Act, 12 U.S.C.A. § 2605(c) and (d), to the effect that MERS did not notify Mr. Wells it was the |3new servicer of the note. Mr. Wells alleges lack of notice from MERS to Mr. Wells required by the Fair Debt Collection Practice Act 15 U.S.C.A. § 1691(g).
Nevertheless, the sole issue properly before us is whether the granting of the exception of improper cumulation and dismissal of Mr. Wells’ actions were correct.

ACTION OF THE TRIAL COURT

The trial court in a Judgment dated December 29, 2004, granted the exception of improper cumulation and dismissed without prejudice Mr. Wells’ Petition for an Order Suspending the Seizure and Sale Order and/or Preliminary Injunction and/or Permanent Injunction and/or for Damages and/or for the Return of the Seized Property.

STATEMENT OF THE LAW

The exception of improper cumulation of actions is a dilatory exception. La. C.C.P. Art. 926(7). La. C.C.P. Art. 462 states:
A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(2) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive *119 actions may be | cumulated in the same judicial demand if pleaded in the alternative.
MERS contends that Mr. Wells action employs ordinary procedure, while its action employs executory proceedings and thus, the two cannot be cumulated. Mr. Wells argues that since the executory order has been signed, the executory process is terminated. As we are reviewing only the Judgment granting the exception and' dismissal and since the injunction is not yet before us, we will not go into the underlying merits and the interpretation of La. C.C.P. Art. 2751 pertaining to the grounds for arresting seizure and sale and providing for damages.[1]
The effect of sustaining a dilatory exception is found in La. C.C.P. Art. 933, to wit:
A. If the dilatory exception pleading want of amicable demand is sustained, the judgment shall impose all court costs upon the plaintiff. If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed.
B. When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a noncompliance with this order.
Also we note that La. C.C.P. Art. 464, addresses the effect of improper cumulation, which states:
When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.
When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or | b(2) order the plaintiff to elect which actions be shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiffs suit.
Both parties cite the case of Abadie v. Cassidy, 581 So.2d 657 (La.1991). In that case plaintiff sued the owner of an adjoining lot. Each lot was burdened with a drainage servitude. Plaintiffs filed suit alleging defendants were obstructing the servitude and causing damage to plaintiffs’ property. Plaintiffs sought damages and injunctive relief. The trial court sustained defendants’ dilatory exception of improper cumulation of actions and dismissed plaintiffs’ suit after determining any defects in the pleadings could not be removed by amendment. The court of appeal, in an unpublished opinion, affirmed the portion of the trial court judgment maintaining the dilatory exception of improper cumulation. The court of appeal relied upon People of the Living God v. Chantilly Corp., 211 So.2d 445 (La.App. 4 Cir.1968), and held that cumulation was improper because the action for damages and the action for in-junctive relief employ different forms of procedure. The Supreme Court of Louisiana reversed both lower courts stating:
The requirement that all of the actions employ the same form of procedure refers merely to whether each of the cumulative actions employ either ordinary, *120 executory or summary procedure. See La.Code' Civ.P. art. 463, comment (a); Johnson v. Marvin Cutrer Contractor, Inc., 348 So.2d 1256 (La.App. 2nd Cir. 1977); Tate, Work of the Appellate Courts-1968-1969, 30 La.L.Rev. 286, 287 (1969). In the present case, the two cumulated actions are the claim for damages and the claim for injunctive relief. The principal demand for a permanent injunction is determined on its merits only after a -full trial under ordinary process. See Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979); Haughton Elevator Division v. State, 367 So.2d 1161 (La.1979); Equitable Petroleum v. Central Transmission, Inc., 431 So.2d 1084 (La.App. 2nd Cir. 1983); Tate, Work of the Appellate Courts-1968-1969, supra.FN* Thus, both of the actions sought to be cumulated *658 in the present case are triable by ordinary process and thus employ the same “form” of procedure.
Additionally, People of the Living God v. Chantilly Corporation, the ease relied upon by the court of appeal, has been called “a casebook example of how not to decide a cumulation problem”. Tate, Work of the Appellate Courts-1968-1969, id. In explaining the error of the Chantilly court Judge Tate stated:
In holding the cumulation improper, the court pointed out that a jury trial was available for the damage action, but not for the injunction action (no one had sought trial by jury), as well as certain differences in the treatment of appeals, such as that a permanent injunction may not be appealed suspensively as of right, while the damage action may. Citing a pre-1960 decision, the court concluded that the two actions could not be cumu-lated ‘because of the complications that would result.’ The court’s refusal to permit cumulation because of these (exaggerated) procedural difficulties ignores the Code criteria authorizing cu-mulation of two or more actions against the same defendant. The court should not have refused cumulation when the Code requirements were met; its reliance upon pre-1960 case decisions overlooks the intent of the Code to overrule legislatively the pre-1960 jurisprudence to the contrary. Tate, Work of the Appellate Courts-1968-1969, id. at 288.
Accordingly, we find that the requirements of La.Code Civ.P. art. 462 have been satisfied and the court of appeal erred in relying upon People of the Living God v. Chantilly, supra, to prevent cumulation.
For the reasons assigned above, the writ is granted, the decision of the court of appeal is reversed, and the [^matter is remanded to the trial court for further proceedings consistent with this opinion.
Using the Abadie rationale, the trial court here was incorrect in dismissing all of Mr. Wells’ action, and not giving him an opportunity to amend his pleadings. At the very least, Mr. Wells’ damage claim could have been severed from the other claims and assigned a new number, if the trial court felt that it did not meet the criteria for cumulation as articulated in La. C.C.P. Art. 462.
For the aforementioned reasons, we reverse the trial court and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.

. The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executo-ry proceeding has not been followed.

 It should be noted that the action for a preliminary injunction employs summary procedure. However, this action is ancillary to the principal demand for a permanent injunction, in order to prevent irreparable injury during the pendency of the principal demand. La. Code Civ.P. art. 3601; Tate, Work of the Appellate Courts-1968-1969, supra.