FREDERICKA HOMBERG WICKER, Judge.
| ¡/This matter arises out of a Petition for Executory Process filed by appellees, Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, seeking to seize and sell the home, which secured a loan, due to unpaid loan payments. In response to this petition, appellants, Luis Gustavo Erazo and Guadalupe Zapata Erazo, filed both petitions for preliminary and/or permanent injunctions and a reconventional demand that incorporated several claims. Appel-lees responded to the petition for injunction, by filing an exception of insufficiency of service of process and arguing that the petition for injunction was without merit. In response to the reconventional demand, appellees filed a motion to strike, and exceptions of improper cumulation of actions and unauthorized use of summary proceedings. With regard to appellants’ claim under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1409 specifically, appellees filed an exception of no cause of action.
|sOn September 18, 2012, after a hearing, the trial court granted all of appellees’ exceptions and their motion to strike. The trial court thereafter dismissed “all claims of defendants.” Appellants now appeal that judgment. For the following reasons, *385 we affirm in part and reverse in part the trial court’s judgment and remand this matter for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

On February 7, 2012, appellees filed a petition for executory process alleging that appellants owed them $148,982.57, together with interest, attorney fees, and costs, in connection with a real estate mortgage on a certain described property. On February 8, 2012, the trial court granted the appellees’ petition for executory process, ordered the appellants be served a copy of the petition, and issued the writ of seizure and sale for which the appellees had petitioned.
On September 12, 2012, the appellants filed their “Reconventional Demand and/or Preliminary Injunction and/or Permanent Injunction and/or Damages and for the Return of the Property” [1] together with a proposed temporary restraining order which, in relevant part, prohibited anyone from selling or doing any other act in furtherance of the trial court’s order of executory process. In this filing, appellants alleged facts and law in support of both their injunction and their reconven-tional demand claims against appellees. The trial court signed appellants’ proposed temporary restraining order and ordered a hearing for September 18, 2012.[2]
| .(Counsel for appellants then sent a copy of their September 12, 2012 filing, along with the trial court’s orders from that date, to appellees’ counsel of record by certified mail. A return receipt in the record shows that appellants’ mailing was delivered to counsel for appellees on September 14, 2012.
In their memorandum in opposition to appellants’ petition for an injunction, ap-pellees first argued their exception of insufficiency of service of process. They claimed they were never served a copy of the order setting the hearing on appellants’ “petition for injunction.” On the merits, appellees argued that appellants’ injunction was without legal basis and, therefore, should be dismissed.
Regarding the appellants’ reconventional demand, appellees argued that it “must be stricken as the Louisiana Code of Civil Procedure does not allow the filing of re-conventional demands and answers in response to a petition for executory process.” Appellees also supported their exceptions to the reconventional demand, of improper cumulation and of unauthorized use of ex-ecutory process, with the same improper cumulation argument. In support of their exception of no cause of action, appellees argued that they were exempt from the Louisiana Unfair Trade Practices and Consumer Protection Law under La. R.S. 51:1406(1).
On September 18, 2012, the trial court heard appellees’ motion to strike and exceptions; it did not, however, consider the appellants’ motion for an injunction on its merits. At the conclusion of this hearing, the trial court granted (in whole cloth) the appellees’ motion to strike and sustaining all of their exceptions. It then dismissed “all claims of defendants” without addressing the merits of either the injunction or the reconventional demand.

*386
\JJISCUSSION

In their first assignment of error, appellants argue the trial court erred when it granted the appellees’ exception on insufficiency of service of process of their injunction and, thereafter, dismissed that motion. In their second, third, and fourth assignments of error, appellants argue the trial court erred with regard to the reconven-tional demand, in granting the appellees’ exception of improper cumulation of actions, exception of improper use of summary proceedings, and motion to strike reconventional demand, and in, thereafter, dismissing their reconventional demand claims without allowing them to sever those claims into a new suit. In their final assignment of error, appellants argue the trial court erred in granting the appellees’ exception of no cause of action, claiming they had stated causes of action for wrongful foreclosure, failure to negotiate under the covenants of “good faith and fair dealing,” and in their claim that Louisiana’s executory process law was unconstitutional.

Assignment One

In their first assignment of error, appellants argue the trial court erred when it granted the appellees’ exception of insufficiency of service of process of the appellants’ injunction. In response, appellees argue that the trial court validly granted this exception because the appellants did not meet La. C.C.P. art. 1314’s requirement of having the sheriff serve their injunction.[3] For the following reasons, we find that the trial court erred in its determination that the service of that injunction was insufficient.
Louisiana Code of Civil Procedure article 1313, in pertinent part, provides:
A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express |r,provision of law may be served as provided in this Article, may be served either by the sheriff or by:
(1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.
[[Image here]]
B. When service is made by mail, delivery, or electronic means, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.
C. Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made either by registered or certified mail or as provided in Article 1314, or by actual delivery by a commercial courier.
[[Image here]]
As seen above, La. C.C.P. art. 1313 applies, in relevant part, to “every pleading subsequent to the original petition” and to any pleading or order which “sets a court date.” We find that the appellants’ September 12, 2012 filing, to the extent that it sought an injunction, fit both of these categories.
First, we find that appellants’ injunction was “subsequent to the original petition” because this injunction was a defense in response to the appellees’ petition for executory process. The Louisiana Code of Civil Procedure article 2642 specifically recognizes that an injunction is a proper procedural mechanism to assert a defense against an *387 executory process petition. Furthermore, as a defense to the executory process petition, the injunction is contained within the executory process litigation.[4] Because this injunction is “subsequent to the original petition” within the executory process, La. C.C.P. art.1313 allows service to be made by, “[mjailing a copy thereof to the counsel of record.”
In their brief to this Court, appellees cite Dalke v. Armantono, 09-1954 (La.App. 1 Cir. 5/7/2010), 40 So.3d 981, for the proposition that petitions for 17preliminary injunctions must be formally served by the sheriff. While the court in Dalke sustained the defendant’s exception of insufficiency of service of process, that defendant had not submitted to the jurisdiction of the court by first filing an original petition. Such is not the case here. Here, the appellees submitted to the court’s jurisdiction when they filed their original petition for executory process on February 7, 2012. Because the appellees had submitted to the court’s jurisdiction by filing their original petition for executory process, the appellants were not required to use the sheriff to subsequently serve their defensive injunction.
Second, the record reflects that the trial court’s September 12, 2012 order set a hearing date on appellants’ injunction and incorporated by reference appellants’ “Re-conventional Demand and/or Preliminary Injunction and/or Permanent Injunction and/or Damages and for the Return of the Property.” Because this order set a court date, it is therefore included in Article 1313(C)’s category of orders or pleadings, which may be sent by certified mail:
The record reflects that the order was sent by certified mail to the appellees’ counsel of record. On this basis, we find that appellees were properly served the required notice by certified mail.[5] Accordingly, we reverse the trial court’s sustaining of the appellees’ exception of insufficiency of service of process.
After the trial court sustained this exception, it dismissed appellants’ petitions for injunction. While the record of what occurred at this hearing is murky at best, a close review indicates that while there was some generic conversation regarding the injunction, the trial court never reached the merits of the injunction. Rather, the trial court simply sustained, in whole cloth, all of the appellees’ exceptions and dismissed the injunction. This was an error. While the appellees ^introduced the evidence necessary for us to address the merits of the injunction, since the trial court never reached the merits, we have no decision to review. Therefore, we reverse the trial court’s dismissal of the appellants’ injunction and remand this matter for further proceedings consistent with this opinion.

Assignments Two, Three, and Four

In their second, third, and fourth assignments, appellants argue the trial court erred with regard to their reconventional demand when it granted the appellees’ exception of improper cumulation of actions, *388 exception of unauthorized use of summary proceedings, and motion to strike.[6] In these assignments of error, appellants contend that they had a right to bring their reconventional demand either in a separate suit or within the executory proceedings under the mortgage. Appellants further argue that even if their reconventional demand was not properly brought within the executory proceedings, the trial court erred by not severing the action into a new suit with a new number.
For the following reasons, we find the trial court correctly found that the recon-ventional demand had been improperly cu-mulated with the injunction. However, we also find the trial court erred by dismissing the reconventional demand rather than giving the appellants an opportunity to sever that demand into a separate suit.
The exception of improper cumu-lation of actions is a dilatory exception. La. C.C.P. art. 926(7). On this exception, La. C.C.P. art. 462 states:
A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(2) All of the actions cumulated are mutually consistent and employ |9the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same judicial demand if pleaded in the alternative.
The requirement that all of the actions employ the same form of procedure refers merely to whether each of the cumulative actions employ ordinary, executo-ry, or summary procedure. Abadie v. Cassidy, 91-0967 (La.1991), 581 So.2d 657; Deutsche Bank Trust Co. America v. Ochoa, 12-800 (La.App. 5 Cir. 5/23/13), 120 So.3d 735.
Here, the appellees filed a petition for executory process which sought the seizure and sale of property which secured a mortgage allegedly in default. The appellants’ September 12, 2012 filing in response both moved for a preliminary and/or permanent injunction and made a reconventional demand against the appel-lees for damages. The issue of whether the appellants’ petition for injunction was properly cumulated with the appellees’ ex-ecutory process is not before us on this appeal as appellees did not argue at the trial court that appellants’ reconventional demand had been improperly cumulated with its petition for injunction.[7] The issue *389 before us is whether the trial court erred with regard to appellants’ reconventional demand in sustaining these exceptions and granting the appellees’ motion to strike.
Appellants’ reconventional demand for damages employs an ordinary, not execu-tory, proceeding. See Deutsche Bank Trust Co. America v. Ochoa, supra. Because the reconventional demand does not employ the same form of procedure |10as the executory proceeding, as required by La. C.C.P. art. 462 for the cumulation of actions, with regard to appellants’ recon-ventional demand for damages, we find that the trial court correctly sustained ap-pellees’ exceptions to the reconventional demand and granted the motion to strike it. We therefore affirm this part of the trial court’s ruling.
Appellants also claim however that even if they made a claim that was improperly cumulated with the appellees’ petition for executory process, the trial court erred by not severing these improperly cumulat-ed claims into a new suit. We agree.
If a party has improperly cumulated actions, La. C.C.P. art. 464, in pertinent part, provides that:
... the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiffs suit.
Further, in Mortgage Electronic Registration Systems, Inc. v. Wells, 05-0795 (La.App. 4 Cir. 4/5/06), 930 So.2d 117, the Fourth Circuit reversed a trial court’s dismissal of improperly cumulated claims when the trial court failed to sever those claims. In Mortgage Electronic Registration Systems, after an alleged default, a mortgagor filed a petition for executory process. Id. at 119. In response, the mortgagee filed a petition for damages and for an injunction. Id. The mortgagor filed an exception of improper cumulation of actions which the trial court granted. The trial court then dismissed the mortgagor’s entire action. Id. On appeal, the Fourth Circuit reversed the trial court’s dismissal and ruled that:
the trial court here was incorrect in dismissing all of [the mortgagee’s] action, and not giving him an opportunity to amend his pleadings. At the very least, [the mortgagee’s] damage claim could have been severed from the other claims and assigned a new number, if the trial |ncourt felt that it did not meet the criteria for cumulation as articulated in La. C.C.P. Art. 462.
Id. at 120.
The Fourth Circuit thereafter remanded the case to the trial court for further proceedings. See also Deutsche Bank Trust Co. America v. Ochoa, supra; and, Bank of New York Mellon v. Smith, 11-60 (La.App. 3 Cir. 6/29/11), 71 So.3d 1034, 1047, writ denied, 11-2080 (La.11/18/11), 75 So.3d 462 (stating that, under La. C.C.P. art. 464, when cumulation is improper, the trial court should sever, not dismiss, the improperly filed claims).
Here, with regard to appellants’ recon-ventional demand, although the trial court correctly sustained the exceptions and granted the motion to strike, we find that the trial court erred thereafter by dismissing the appellants’ claims for damages. Accordingly, we reverse the judgment dismissing appellants’ reconventional demand and order that the trial court sever appellants’ reconventional demand from the ex-ecutory proceedings.

*390
Assignment Five

In their final assignment of error, appellants argue the trial court erred in sustaining the appellees’ exception of no cause of action. Appellants contend they stated causes of action in their claims of wrongful foreclosure and failure to negotiate under the covenants of “good faith and fair dealing,” as well as their claim challenging the constitutionality of Louisiana’s executory process.
These claims were not at issue, however, on the appellees’ exception of no cause of action. In support of that exception, ap-pellees only argued that appellants’ claim under the Louisiana Unfair Trade Practices and Consumer Protection Law, 112La. R.S. 51:1409 (“LUTPA”) had failed to state a cause of action. Therefore, that was the only issue to be decided by the trial court.[8]
On review, we find that the trial court did not sustain the exception of no cause of action as to appellants’ claims of wrongful foreclosure, failure to negotiate under the covenants of good faith and fair dealing, or to appellants’ constitutional challenge to Louisiana’s executory process. The trial court’s judgment only sustained the exception of no cause of action as to appellants’ LUTPA claim under La. R.S. 51:1409.
This court reviews only issues that have been submitted to the trial courts. Uniform Rules of Louisiana Courts of Appeal, Rule 1-3. Here, the appellants assign as error an issue that was not part of the trial court’s judgment. Therefore, we find appellants’ final assignment of error to be without merit.

CONCLUSION

For these reasons, with respect to appellant’s reconventional demand, we affirm the trial court’s sustain of appellees’ exceptions of improper cumulation of actions and unauthorized use of summary process and grant of the motion to strike. However, we reverse the trial court’s dismissal of appellants’ reconventional demand and remand with instructions to allow the appellants to sever those claims into a new suit. As to appellants’ injunction, we reverse the trial court’s sustain of the exception of insufficiency of service of process and dismissal. We remand the injunction for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, REMANDED

. For ease of reading, this and other quotes have been modified from their original formatting in capital letters.

. This order of the trial court did not specifically address appellants’ reconventional demand, rather, only the appellants' demand for injunctive relief. It ordered a hearing to show cause why it "should not issue a preliminary and/or permanent injunction without bond, ordering the suspension of the seizure and sale of the property located at 600 Lancer Lane, Kenner, Louisiana, 70065.”

. At the trial court, appellees did not argue that the reconventional demand’s service of process was insufficient, therefore, the trial court did not rule on that question and that matter is not before us.

. See also La. C.C.P. art. 2751 which provides, within the Code of Civil Procedure’s Book V, Title II on Executory Proceedings that: ”[t]he defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an execu-tory proceeding has not been followed.”

. We also find that the return receipt of this mailing, placed in the record, shows that ap-pellees' counsel of record received this notice on September 14, 2012, within the timeframe mandated by La. C.C.P. art. 3602 for notice of hearing on preliminary injunctions.

. The trial court spoke only to the appellants’ reconventional demand when it sustained these exceptions and this motion to strike; these sustains did not apply to appellants’ injunction.

. We note however that an injunction is a proper defense to a petition for executory process. La. C.C.P. art. 2642 plainly allows injunctions in response to petitions for execu-tory process, stating: ’’[djefenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both....” Further, this Court has recognized that injunctions, such as the one filed by appellants, are defenses to executory proceedings and may be filed within them. Deutsche Bank Nat. Trust Co. v. Carter, 10-663 (La.App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286, writ denied, 11-0392 (La.4/8/11), 61 So.3d 691. Therefore, appellants' motion for an injunction in response to the appellees' petition for executory process against them was properly cumulated.

. Appellants asserted their LUTPA claim in paragraph 49 of their "Reconventional Demand and/or Preliminary Injunction and/or Permanent Injunction and/or Damages and for the Return of the Property.” This LUTPA claim was separate from the appellants' other reconventional demand claims of wrongful foreclosure, "failure to deal within the covenants of good faith and fair dealing,” and that Louisiana's executory process procedure is unconstitutional.