# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-439


NATIONSTAR MORTGAGE, LLC

VERSUS

RICHARD D. SCHALES A/K/A RICHARD DEWY SCHALES


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 124893
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### JOHN D. SAUNDERS
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy H. Ezell, and Candyce G. Perret, Judges.


**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**Jessica Michelle Vasquez**
**Attorney at Law**
**400 Poydras Street, Suite 900**
**New Orleans, LA 70130**
**(504) 571-9582**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Richard Schales**

**Angelina Christina**
**Akerman LLP**
**909 Poydras Street, Suite 2000**
**New Orleans, LA 70112**
**(504) 584-9105**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Nationstar Mortgage, LLC**

**SAUNDERS, Judge.**

This is a case involving a mortgagee using executory process against a mortgagor and the propriety of a mortgagor's response by bringing a reconventional demand alleging damages. Further, the issue is whether the trial court properly dismissed the mortgagor's claims with prejudice rather than allowing the mortgagor to cure the defects or severing the claims.

After a hearing in which neither the mortgagor nor his attorney were present, the trial court granted the mortgagee's motion to strike the mortgagor's reconventional demand for damages and all dilatory and peremptory exceptions filed by the mortgagee. This resulted in the dismissal, with prejudice, of all claims asserted by the mortgagor. Thereafter, the mortgagor filed a motion for new trial on the matters, which was denied. This appeal follows.

**FACTUAL AND PROCEDURAL HISTORY:**

Appellant, Richard Dewy Schales, executed a $70,000.00 promissory note in favor of New South Federal Savings Bank on March 20, 2003. The note is secured by a mortgage encumbering the property located at 2112 Kramer Drive, New Iberia, Louisiana. New South indorsed the note to Countrywide Home Loans. Countrywide indorsed the note in blank and delivered the original note to Appellee, Nationstar Mortgage, LLC.

A dispute arose between Schales and Nationstar regarding the proper monthly payment amount and the process by which Schales was allowed to obtain homeowner's insurance in early 2013. Nationstar contends that Schales defaulted on his obligation under the note and mortgage by failing to pay his November 1, 2014 monthly installment and failed to cure that failure to pay over the next ten months. Schales contends that he timely and consistently paid the agreed-upon note and that his property was improperly placed into a foreclosure proceeding due to the

fault of Nationstar during the time the mortgage was transferred from Bank of America to it in early 2013.

On August 13, 2014, Nationstar filed a verified petition for executory process attaching the original note, indorsed in blank, a certified copy of the mortgage, and a copy of the assignment. On August 19, 2014, the trial court found Nationstar entitled to issuance of writ of seizure and sale and the use of executory process based on the petition and attached exhibits. The Iberia Parish clerk of court issued a writ of seizure and sale over the property, and the sheriff recorded a notice of seizure.

On December 18, 2014, Schales filed a petition for preliminary injunction, temporary restraining order, and a reconventional demand for damages against Nationstar. The claims set forth in the reconventional demand were for wrongful foreclosure, negligence, due process, conversion, breach of fiduciary duty, violation of the Louisiana Unfair Trade Practices Act, and violation of the Fair Debt Collections Act.

On November 28, 2016, at the behest of Nationstar, an order was signed by an Iberia Parish judge cancelling the seizure notice because the property described in the seizure notice was not the same property encumbered by the mortgage. According to Nationstar, to date, Schales' property has not been seized and is not subject to sale.

On June 14, 2017, Nationstar filed a motion to strike Schales' reconventional demand, the dilatory exceptions of unauthorized use of summary procedure, improper cumulation of actions, and improper use of executory process, and the peremptory exceptions of no cause of action and prescription. Schales filed no opposition to these filings by Nationstar.

On September 12, 2017, the trial court heard Nationstar's motion and exceptions. Neither Schales nor his attorney attended the hearing.

2

After the hearing, the trial court granted all of Nationstar's exceptions. Further, the trial court granted Nationstar's motion striking all claims asserted by Schales. As a result, the trial court dismissed all of Schales' claims with prejudice.

On September 26, 2017, once Schales allegedly learned of the judgment, he filed a pro se motion for new trial and hired new counsel. On December 20, 2017, the trial court denied Schales' motion for new trial. It is from these judgments that Schales presents six assignments of error.

## ASSIGNMENTS OF ERROR:

1. The trial court erred in granting Nationstar's Exceptions of Unauthorized Executory Proceedings.

2. The trial court erred in granting Nationstar's Exceptions of Unauthorized Summary Proceedings.

3. The trial court erred by granting summary Nationstar's Motion to Strike Reconventional Demand.

4. The trial court erred by granting Nationstar's Exceptions of Improper Cumulation.

5. The trial court erred in granting Nationstar's Exceptions of No Cause of Action.

6. The trial court erred in sua sponte dismissing all remaining causes of action.

## ASSIGNMENT OF ERROR NUMBER ONE:

Schales' first assignment of error is that the trial court erred in granting Nationstar's Exception of Unauthorized Use of Executory Proceedings. We find no error in granting the exception.

"Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or

privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law." La.Code Civ.P. art. 2631. "Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both." La.Code Civ.P. art. 2642(A). "The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed." La.Code Civ.P. art. 2751.

In this case, Schales filed a reconventional demand seeking, *inter alia*, damages, penalties, and attorney's fees in response to Nationstar's instituted claims under executory process. This reconventional demand is an incidental action in response to a petition filed using executory process. "The mode of procedure employed in the incidental action shall be the same as that used in the principal action, except as otherwise provided by law." La.Code Civ.P. art. 1036(B). As such, Schales' filing of a reconventional demand against Nationstar alleging damages and entitlement to penalties and attorney's fees is not proper use of executory proceedings. Accordingly, we find no error by the trial court in granting Nationstar's Exceptions of Unauthorized Executory Proceedings.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In his second assignment of error, Schales asserts that the trial court erred in granting Nationstar's Exception of Unauthorized Use of Summary Proceedings. We find no error by the trial court in granting the exception.

"Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the

formalities required in ordinary proceedings." La.Code Civ.P. art. 2591. Summary proceedings may be used only in those matters in which the law permits them to be used. La.Code Civ.P. art. 2592. Louisiana Code of Civil Procedure Article 926(A)(3) provides for the dilatory exception of unauthorized use of a summary proceeding.

Here, Schales filed a reconventional demand against Nationstar seeking damages, penalties, and attorney's fees. Schales points to no law, nor does one exist in this State, that a summary proceeding may be used to adjudicate a reconventional demand for damages. Accordingly, we find no error by the trial court in granting Nationstar's Exception of Unauthorized Use of Summary Proceedings.

**ASSIGNMENT OF ERROR NUMBER FOUR:**

We address this assignment prior to Assignment of Error Number Three due to the similarities with Assignments of Error Numbers One and Two. In his fourth assigned error, Schales asserts that the trial court erred by granting Nationstar's Exception of Improper Cumulation. We disagree with this assertion.

> A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if: 1) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and 2) all of the actions cumulated are mutually consistent and employ the same form of procedure. La.Code Civ.P. art. 462.

> The requirement that all of the actions employ the same form of procedure refers merely to whether each of the cumulative actions employ either ordinary, executory or summary procedure. See La.Code Civ.P. art. 463, comment (a); *Johnson v. Marvin Cutrer Contractor, Inc.*, 348 So.2d 1256 (La.App. 2nd Cir.1977); Tate, Work of the Appellate Courts-1968-1969, 30 La.L.Rev. 286, 287 (1969).

*Abadie v. Cassidy*, 581 So.2d 657, 657 (La.1991).

> When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.

> When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so

as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit.

La.Code Civ.P. art. 464.

The grant of a dilatory exception of improper cumulation is a final judgment subject to a manifest error standard of review. *Dietz v. Superior Oil Co.*, 13-657 (La.App. 3 Cir. 12/11/13), 129 So.3d 836.

Here, Schales' claims against Nationstar are improperly cumulated because they do not employ the same form of procedure, as we found above. Schales' request for a preliminary injunction employs executory or summary procedure while his claims for damages employ ordinary procedure. Thus, we find it reasonable for the trial court to grant Nationstar's exception of improper cumulation.

## ASSIGNMENT OF ERROR NUMBER THREE:

Next, Schales contends that the trial court erred by granting Nationstar's Motion to Strike Reconventional Demand. We find merit to this contention.

A motion to strike is provided for in La.Code Civ.P. art. 964, which states, "[t]he court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are viewed with disfavor and are infrequently granted. *Federal Deposit Ins. Corp. v. Niblo*, 821 F.Supp. 441 (N.D.Tex.1993). It is disfavored because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic. *Id*. A motion to strike is only proper if it can be shown that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party. *Id*. "A motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action." *Pitre v. Opelousas Gen. Hosp.*, 530 So.2d 1151, 1162 (La.1988); *see also*, *Bellah v. State Farm Fire and Cas. Ins. Co.*, 546 So.2d 601 (La.App. 3 Cir.1989) and *Adams v. New Orleans Blood Bank, Inc.*, 343 So.2d 363 (La.App. 4 Cir.1977). A court must deny a motion to strike if there is any question of fact or law. *Federal Deposit Ins. Co.*, 821 F.Supp. 441.

6

*Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.*, 01-345, pp. 6-7 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98, *writ denied*, 01-2115 (La. 7/26/01), 794 So.2d 834 (alteration in original).

Much like the case before us, our fifth circuit court, in *Bank of America, N.A. v. Erazo*, 13-153 (La.App. 5 Cir. 10/9/13), 128 So.3d 383, dealt with a mortgagee filing for a preliminary and/or permanent injunction and making a reconventional demand against the mortgagor for damages. Our fifth circuit affirmed the grant of the mortgagor's motion to strike the mortgagee's reconventional demand. However, despite technically affirming the motion to strike (which this court does not agree was proper), the court went on to rule that the trial court erred by dismissing the mortgagee's reconventional demand for damages and ordered that the reconventional demand be severed from the executory proceedings. As such, the case was remanded for further proceedings on the mortgagee's claims in his reconventional demand. In making its ruling, our fifth circuit cited *Mortgage Electronic Registration Systems, Inc. v. Wells*, 05-795 (La.App. 4 Cir. 4/5/06), 930 So.2d 117, as well as *Deutsche Bank Trust Co. America v. Ochoa*, 12-800 (La.App. 5 Cir. 5/23/13), 120 So.3d 735, and *Bank of New York Mellon v. Smith*, 11-60 (La.App. 3 Cir. 6/29/11), 71 So.3d 1034, *writ denied*, 11-2080 (La. 11/18/11), 75 So.3d 462 (where this court opines that under La.Code Civ.P. art. 464, if cumulation is improper, the trial court should sever, not dismiss claims.)

Given the actual result of our sister court's case and the standard as stated in *Hazelwood Farm, Inc.*, 790 So.2d 93, we find that it was not proper for the trial court to grant Nationstar's motion to strike to dismiss Schales' reconventional demand in its entirety, especially with prejudice. However, because the the trial court was silent as to why it dismissed Schales' reconventional demand claims, we must still deliberate the grant of Nationstar's peremptory exceptions in order to determine

7

whether Schales' claims against Nationstar were, perhaps, properly dismissed with prejudice.

## ASSIGNMENT OF ERROR NUMBER FIVE:

Schales' fifth assignment of error is that the trial court erred in granting Nationstar's Exceptions of No Cause of Action. We agree.

Our supreme court, in *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La.3/19/04), 869 So.2d 114, 118-19 (citations omitted), stated the following:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

> Louisiana has chosen a system of fact pleading. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action.

> The burden of demonstrating that the petition states no cause of action is upon the mover. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief.

In this case, Nationstar contends that none of the items alleged in Schales' reconventional demand state a cause of action. Schales' reconventional demand listed a multitude of allegations including damages for wrongful foreclosure, negligence, due process, conversion, breach of fiduciary duty, violation of the Louisiana Unfair Trade Practices Act, and violation of the Fair Debt Collections Act.

8

Nationstar asserts that the Louisiana Unfair Trade Practices Act and the Fair Debt Collections Act acts do not apply to it.

When considering an exception of no cause of action, courts have "developed a general rule against maintaining an exception of no cause of action in part. If the petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action generally should be overruled." *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1236 (La.1993).

> In *Everything on Wheels Subaru, Inc.*, the supreme court formulated two general rules concerning the granting of partial judgments on exceptions of no cause of action. The rule applicable to the case at hand was explained as follows:
>
>> If there are two or more items of damages or theories of recovery *which arise out of the operative facts of a single transaction or occurrence*, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is generally inappropriate.
>
> *Id*. at 1239 (emphasis added) (footnote omitted).

*McDonald v. Zapata Protein (USA), Inc.*, 97-10, p. 3 (La.App. 3 Cir. 4/30/97), 693 So.2d 296, 298.

Here, we find that Schales' claims in his reconventional demand arise of a single transaction or occurrence. Thus, regardless of whether Nationstar is correct regarding the inapplicability to it of the Louisiana Unfair Trade Practices Act and the Fair Debt Collections Act, if Schales' reconventional demand alleged other actionable claims, Nationstar's exception of no cause of action must fail.

"A party aggrieved by the wrongful seizure is entitled to recover not only special damages caused him thereby, but also general damages (if proven) by way of mortification, humiliation, mental worry, etc. caused by this intentional violation

of his property rights." *Nassau Realty Co., Inc. v. Brown¸* 332 So.2d 206, 211 (La.1976) (citations omitted) (parenthetical in original).

Shales' reconventional demand consists of over one hundred and thirty paragraphs, and reads, "The seizure of the Subject Property by Nationstar was wrongful. The wrongful seizure of the Subject Property by [Nationstar] has caused the Shales to suffer damages, including attorneys' fees and costs, in an amount to be proven at the trial of the permanent injunction." Thereafter, Shales alleges the following:

> Petitioner fears that during the pendency of these proceedings, the sheriff will proceed with the said sale and that immediate and irreparable injury and/or loss and/or damage will result to petitioner thereby all to her prejudice and it is, therefore, necessary that a temporary restraining order in the form and substance of the injunction mentioned above issue herein enjoining and restraining the Sheriff of the Parish of St. Tammany from proceeding with the sale of the property described herein.

In reviewing his reconventional demand, we find that Shales states a cause of action against Nationstar for wrongful seizure and/or for an injunction enjoining the sale of his property. Accordingly, we reverse the trial court's blanket dismissal, with prejudice, of all of Schales' claims against Nationstar based on a finding of no cause of action.

## ASSIGNMENT OF ERROR NUMBER SIX:

Shales' final assignment of error is that the trial court erred in sua sponte dismissing all remaining causes of action. We agree.

The only remaining matter raised by Nationstar in its response to Schales' reconventional demand is that of Nationstar's peremptory exception of prescription. Nationstar's contends that Schales' claims were prescribed on the face of his petition-in-reconvention. As such, according to Nationstar, the burden shifted to

10

Schales to demonstrate why his claims did not prescribe, and he failed to do so by not even contesting the exception.

Our review of the record is that Nationstar filed its petition for executory process on August 13, 2014. Schales filed his petition for preliminary injunction, temporary restraining order, and reconventional demand for damages on December 18, 2014. This is clearly within one year of the Nationstar's initial pleading. Thus, Nationstar's claim that Schales' petition was prescribed on its face is unfounded.

Accordingly, we find merit to this assignment of error. Any dismissal of Schales' reconventional demand based on prescription on the face of the pleading is reversed.

## CONCLUSION:

Richard Dewy Schales alleges six assignments of error. The crux of these assignments is whether the trial court was proper in dismissing, with prejudice, Schales' petition for preliminary injunction, temporary restraining order, and his reconventional demand for damages against Nationstar. Rather, according to Schales, the trial court erred in not giving him the opportunity to cure the issues by either ordering Schales to amend his pleadings or ordering that those offending claims be severed and assigning them a different docket number.

We do find that the trial court correctly granted Nationstar Mortgage, LLC's dilatory exceptions and motion to strike. However, we agree with Schales' position regarding the result of the grant of those exceptions and motion. As such, we find that the trial court erred in dismissing Schales' claims rather than ordering that the improperly cumulated claims be severed and assigned a new docket number or ordering that Schales amend his pleadings to conform to proper procedure. As such, we reverse the trial court's dismissal of Schales' claims with prejudice and remand

11

the case for further proceedings consistent with this opinion.  Costs are assessed to Nationstar Mortgage, LLC.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**