Judge Regina Bartholomew-Woods
Appellant, Mark J. Smith, appeals the March 27, 2018 judgment of the district court in favor of Appellee, Commercial *326 Flooring Gulf Coast, LLC d/b/a Priority Floors, finding that a valid non-compete/non-solicitation contract existed between the parties. Appellant had sought a declaratory judgment finding the contract invalid, and Appellee filed a reconventional demand seeking injunctive relief and damages.
The parties agreed to address the petition for declaratory judgment and demand for injunctive relief together at a hearing scheduled for March 7, 2018, and submitted post-trial memoranda addressing those issues. However, the district court's written judgment only specifically addressed the petition for declaratory judgment, and was silent as to Appellee's reconventional demand for injunctive relief. As a result, Appellee filed a motion to dismiss the appeal, arguing that it does not constitute a final appealable judgment. The Louisiana Code of Civil Procedure article 1915(B) provides:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment in question disposes of less than all claims addressed at the March 7, 2018 hearing, yet contains no designation that it is a final appealable judgment. Our Court has held that "relief granted or denied must be determinable from the judgment itself without reference to an extrinsic source such as pleadings or reasons for judgment." Bayer v. Starr Int'l Corp. , 2017-0257, pp. 4-5 (La.App. 4 Cir. 8/15/17), 226 So.3d 514, 518 ; See also Claiborne Med. Corp. v. Siddiqui , 2012-759 (La.App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112 (stating that "[t]he specific relief granted or denied should be determinable from the judgment itself without reference to an extrinsic source such as pleadings or reasons for judgment.").
Appellant cites Zatzkis v. Zatzkis , 632 So.2d 307, 313 (La.App. 4 Cir. 1993) for the proposition that "[g]enerally[,] when a judgment is silent with respect to a party's claim, it is presumed that the trial court denied the relief sought[,]" a jurisprudential rule of which we are well aware. While we agree that such a presumption generally exists, it would be inappropriate to apply it under the circumstances presented here, given the interconnected nature of the litigants' competing claims. Appellee prevailed in opposing Appellant's petition for declaratory judgment, yet the district court passed no judgment on whether Appellee is, accordingly, entitled to injunctive relief and damages as a result of the existence of a valid and enforceable contract. Without passing on the merits of the judgment in question, this Court observes that, were we to consider the district court's silence as denial of the injunctive relief, the judgment appears contradictory. In finding that the non-compete clause was valid and enforceable, the district court apparently made a finding that the clause satisfied the requirements of La.R.S. 23:921(C), a finding that we are unable to reconcile with the denial of Appellee's request for preliminary injunctive relief.
We also note that "[a] suit for a declaratory judgment is an ordinary, not a *327 summary proceeding." Couvillion v. James Pest Control, Inc. , 1998-2382 (La.App. 4 Cir. 3/3/99), 729 So.2d 172, 174. A preliminary injunction, however, employs a summary procedure, and "is ancillary to the principal demand for a permanent injunction, in order to prevent irreparable injury during the pendency of the principal demand." Mortg. Elec. Registration Sys., Inc. v. Wells , 2005-0795, p. 6 (La.App. 4 Cir. 4/5/06), 930 So.2d 117, 120 (quoting Abadie v. Cassidy , 581 So.2d 657, 658 (La.1991).[1] Nevertheless, in the interest of expediency, the parties agreed to have both the action for declaratory judgment and preliminary injunction heard at the same time. Thus, the district court failed to specifically address the cause of action for which summary proceedings were appropriate.
The uncertainty created by the district court's failure to specifically address Appellee's counterclaims leaves this Court without information sufficient to invoke its appellate jurisdiction. Accordingly, we find that this Court lacks Appellate jurisdiction, and the appeal is dismissed.
APPEAL DISMISSED

Irreparable injury need not be shown in this particular context. See La.R.S. 23:921(H).